**N. SIMS ORGAN & CO., Inc., and N. Sims Organ, Petitioners,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

**No. 407, Docket 26876.**

United States Court of Appeals
Second Circuit.

Argued June 7, 1961.

Decided July 24, 1961.

David Ferber, Asst. Gen. Counsel, Securities and Exchange Commission, Washington, D. C. (Walter P. North, Gen. Counsel, and John A. Dudley, Atty., Securities and Exchange Commission, Washington, D. C., on the brief), for appellee.

David Unterberg, New York City (Unterberg & Unterberg, New York City, Abbie Goldstein, New York City, on the brief), for appellant.

Before LUMBARD, Chief Judge, and GOODRICH * and FRIENDLY, Circuit Judges.

GOODRICH, Circuit Judge.

This is a petition to review an order of the Securities and Exchange Commission which revoked Organ & Co.'s registration with the Commission as a broker and dealer in securities and recites that Organ is the cause of the revocation. The review is sought under Section 25(a)

* Of the Third Circuit, sitting by designation.

1. Section 15(b) of the Securities Exchange Act of 1934 provides, in part:
    "(b) A broker or dealer may be registered for the purposes of this section by filing with the Commission an applica-

of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78y(a).

The background of the case may be summarized as follows:

J. H. Lederer Co., Inc. had been registered with the Commission as a broker and dealer. Its registration was revoked on December 28, 1958, for violation of fraud provisions of the statute. Organ was a salesman employed by Lederer in 1958, a period during which Lederer was conducting a selling campaign of stock of a company named Continental Mining Exploration, Ltd. Organ & Co. was organized in January, 1959, and its application for registration as a broker and dealer was received by the Commission on October 19, 1959. The Commission instituted proceedings to determine whether Organ, while employed by Lederer, had violated fraud provisions of the federal securities acts. The Commission postponed the effective date of Organ & Co.'s application for 15 days and directed a hearing to determine whether the effective date of registration should be further postponed pending denial proceedings. The hearing was held, but the Commission did not reach a determination on this question prior to the date on which the application became effective by lapse of time.[1] The Commission, on January 28th, dismissed the denial proceeding on the ground that it had become moot and in the same order instituted a revocation proceeding which resulted in the revocation order under review here. The record developed in the preliminary hearing on postponement was incorporated into the record of the revocation proceeding. Petitioners make four points.

The first point is that the Commission's order is not supported by substantial evidence. Chiefly concerned in

tion for registration, * * * Except as hereinafter provided, such registration shall become effective thirty days after the receipt of such application by the Commission or within such shorter period of time as the Commission may determine." 15 U.S.C.A. § 78o(b).

the consideration of this objection is the Commission's claim that certain representations made over the telephone and which were fraudulent [2] were made by Organ. There were two of these telephone conversations going to the same prospective customer. The caller identified himself as Organ. The recipient, who subsequently bought stock,[3] did not know Organ but identified the caller's voice as the same on the two occasions. Although this evidence might not be enough by itself to justify a conclusion that Organ was the caller, there was considerably more. The written confirmations of the sale received by the purchaser bore the initials "N. O." which were Organ's initials and Hallen, the purchaser, cancelled one of his purchases by notice addressed to Lederer marked to the attention of Organ. Further, Hallen was given a telephone number to call in order to get in touch with the salesman who identified himself as Organ, and this telephone number was used by Organ in calling other customers., The trial examiner did not think that this was enough to identify Organ as the caller on the telephone; the Commission thought otherwise. It is the Commission's responsibility to decide the question and the fact that it differed with the examiner does not matter.[4]

The Commission pointed out correctly that this is a non-criminal case and that Organ's failure to testify is significant. He did not deny the evidence just recited and the accepted rule is that failure to explain facts and circumstances

2. Section 17(a) of the Securities Act of 1933 provides:
   "(a) It shall be unlawful for any person in the sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—
   "(1) to employ any device, scheme, or artifice to defraud, or
   "(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
   "(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser." 15 U.S.C.A. § 77q (a).
   Section 10 of the Securities Exchange Act of 1934 provides, in part:
   "It is shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—
   *       *       *       *       *
   "(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C.A. § 78j.

3. The purchaser cancelled the first sale and testified that he personally followed the market activity of the stock not relying on the salesman's statements. The Commission is quite correct in its conclusion that reliance is not an element of the violation charged. 15 U.S.C.A. §§ 77q(a), 78j. See Hughes v. S. E. C., 1949, 85 U.S.App.D.C. 56, 174 F.2d 969, 973–4.

4. Section 15 of the Securities Exchange Act of 1934 provides, in part:
   "The Commission shall, after appropriate notice and opportunity for hearing, by order deny registration to or revoke the registration of any broker or dealer if it finds that such denial or revocation is in the public interest and that (1) such broker or dealer whether prior or subsequent to becoming such, *  *  * has willfully violated any provision of the Securities Act of 1933, or of this chapter, or of any rule or regulation thereunder." 15 U.S.C.A. § 78o.
   See Pierce v. S. E. C., 9 Cir., 1956, 239 F.2d 160, 162–163. Cf., F. C. C. v. Allentown Broadcasting Corp., 1955, 349 U.S. 358, 364, 75 S.Ct. 855, 99 L.Ed. 1147.
   The only significant difference between the examiner's Recommended Decision and the Findings and Opinion of the Commission is the ultimate conclusion to be attached to all of the evidence presented. The Commission is fully as capable of drawing that conclusion as is the examiner.

warrants the inference that his testimony would have been adverse.[5]

■ We agree with the Commission that the factors are sufficient to establish Organ as the maker of the communication.[6]

The second point is that the proceedings fell under the principles set out in Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103.

■ An investigator for the Commission interviewed Hallen and made notes for the purpose of preparing an affidavit to be signed by Hallen. He did prepare such an affidavit and destroyed the notes. Hallen did not see the notes which, it was testified, were simply to serve as cues for the preparation of the affidavits by the investigator. In the hearing Hallen was shown the affidavit to refresh his recollection. Petitioners' counsel had opportunity before Hallen testified to read the affidavit, and it was in the hands of petitioners' counsel for cross-examination of Hallen.

There was no suggestion that these notes were destroyed with any intent to suppress evidence. See United States v. Thomas, 2 Cir., 1960, 282 F.2d 191. There was no refusal by the Government to produce a statement within the meaning of the so-called "Jencks" statute. 18 U.S.C. § 3500. The only statement that Hallen signed was shown to Organ's counsel as stated above. There was no violation of any right of Organ involved here.

■ Third, petitioners charge that the Commission's publication of the notice of the proceedings constituted a prejudgment against them and was a denial of due process. This Court had occasion to comment on this subject in Gilligan, Will

& Co. v. S. E. C., 2 Cir., 267 F.2d 461, certiorari denied 1959, 361 U.S. 896, 80 S.Ct. 200, 4 L.Ed.2d 152. It was there said:

"Apart from § 5 [of the Administrative Procedure Act] and the restrictions it may impose, the Commission's reputation for objectivity and impartiality is opened to challenge by the adoption of a procedure from which a disinterested observer may conclude that it has in some measure adjudged the facts as well as the law of a particular case in advance of hearing it. There would appear to be no such conflict between the Commission's duty to inform the public and its duty to prosecute as would necessitate the use of press releases of the kind here questioned." 267 F.2d at pages 468–469.

We reiterate that statement. It is not the business of this or any other court to write publicity notices for the Commission. But we think it should be borne in mind that when the body which is the investigator, the prosecutor and the judge starts a proceeding by saying that the order of the Commission asserts that members of its staff have reported information tending to show that Organ has violated anti-fraudulent provisions, it creates an impression which could be interpreted as tending to indicate that the Commission had already made up its mind. We do not think the Commission intended such a result; we certainly do not indicate that due process of law was denied to the petitioners. But we do not think the notice was a very good kind of notice for a government body to issue.

■■ Fourth, petitioners claim that *res judicata* operates to prevent the order under attack from being valid. They

5. Wigmore, Evidence § 289 (3d ed. 1940); McCormick, Evidence § 249 (1954). But see, United States v. Costello, 2 Cir., 1960, 275 F.2d 355, affirmed 1961, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551.

6. While rigid evidentiary rules are not to be applied to administrative agencies, F. T. C. v. Cement Institute, 1948, 333

U.S. 683, 705–706, 68 S.Ct. 793, 92 L.Ed. 1010, the evidence of surrounding circumstances in this case was sufficient to conclude that Organ was the caller even under the more stringent rules applicable in criminal proceedings. See Jarvis v. United States, 1 Cir., 90 F.2d 243, certiorari denied 1937, 302 U.S. 705, 58 S. Ct. 25, 82 L.Ed. 544.

**82**

base this, of course, on the dismissal of the denial proceedings, but those proceedings did not decide anything. They were dismissed as moot because action of the Commission was not taken until the application for registration had become effective by lapse of time under the provisions of the statute.[7] It is well settled that the dismissal of a case because it is moot does not lay a basis for the application of the doctrine of *res judicata*.[8]

The petitioners in a letter submitted after argument urge that C. A. B. v. Delta Air Lines, Inc., 1961, 367 U.S. 316, 81 S.Ct. 1611, 6 L.Ed.2d 869, is controlling here. We think not. In that case the Aeronautics Board allowed a certificate of convenience and necessity to become effective by lapse of time despite pending petitions for reconsideration of the award. Subsequently the Board imposed restrictions on the certificate without formal notice or hearing. The precise holding of the Supreme Court was that the statutory mandate of notice and hearing must be complied with before an existing certificate can be amended or modified. There was no discussion of or reliance upon the fact that the evidence on which the restrictions were based was before the Board when the certificate became effective by lapse of time. In the instant case after the certificate became effective by lapse of time the Commission instituted a revocation proceeding, as authorized by statute,[9] and conducted a hearing. The record developed in the earlier proceeding was incorporated into the record of the revocation proceeding. Petitioners had full opportunity to rebut any damaging evidence before the Commission at the revocation hearing. That they failed successfully to do so does not in any way reflect any improper action by the Commission.

The decision of the Commission will be affirmed.

7. See note 1 supra.

8. Cf. Restatement, Judgments § 69(2) and Comment *e*. It has also been held that the doctrine of estoppel is not available against the SEC. S. E. C. v. Culpepper,

2 Cir., 1959, 270 F.2d 241; S. E. C. v. Morgan, Lewis & Bockius, 3 Cir., 1953, 209 F.2d 44.

9. See note 4 supra.