**Diane R. WILLIAMS**

v.

**Griffin B. BELL et al., Harvey Brinson, Appellant.**

**Diane R. WILLIAMS**

v.

**Griffin B. BELL, Individually and as Attorney General, et al., Appellants.**

**Nos. 76–1833, 76–1994.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 20, 1977.

Decided Sept. 19, 1978.

Lawrence J. Speiser, Washington, D. C., for appellant Harvey Brinson.

Michael D. Hausfeld, Washington, D. C., with whom Jerry S. Cohen, Washington, D. C., was on the brief, for appellee.

Before McGOWAN, TAMM and ROBINSON, Circuit Judges.

Opinion for the Court filed by SPOTTSWOOD W. ROBINSON, III, Circuit Judge.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

After exhausting her administrative remedies unfruitfully, appellee brought suit in the District Court alleging gender-based employment discrimination in violation of Title VII, § 717(a), of the Civil Rights Act of 1964.[1] The gravamen of her complaint was that she was harassed and ultimately dismissed from her position in the Community Relations Service of the Department of Justice because she repulsed her supervisor's sexual overtures. Following a remand to the Department under instructions to apply specified standards of proof, the court, confining its consideration to the administrative record, rejected the Department's final decision finding no unlawful discrimination, perceived substantial evidentiary support for the contrary finding in the recommended decision of the Department's complaints examiner and granted appellee's motion for judgment.[2]

The Department[3] subsequently moved for a trial de novo, invoking the Supreme Court's holding in *Chandler v. Roudebush* on that score.[4] Contemporaneously, appellee's supervisor, Harvey Brinson, sought intervention to urge that the judgment be vacated and a new trial awarded. Upon denial of these requests, the Department and Brinson initiated separate appeals.[5]

Paul Blankenstein, Atty., Dept. of Justice, Washington, D. C., with whom Earl J. Silbert, U. S. Atty., Barbara Allen Babcock, Acting Asst. Atty. Gen., and Robert E. Kopp, Atty., Dept. of Justice, Washington, D. C., were on the brief, for appellants Griffin B. Bell et al.

---

1. Act of July 2, 1964, Pub.L.No.88–352, tit. VII, § 717(a), 78 Stat. 253, *as added,* Act of Mar. 24, 1972, Pub.L.No.92–261, § 11, 86 Stat. 111, 42 U.S.C. § 2000e–16(a) (Supp. V 1975).

2. *Williams v. Saxbe,* 413 F.Supp. 654 (D.D.C. 1976).

3. The defendants-appellants in No. 76–1994 are the Attorney General of the United States and the Director of the Community Relations Service of the Department of Justice.

4. 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976).

5. Brinson's appeal is No. 76–1833 and the Department's is No. 76–1994.

We conclude that the judgment cannot be sustained on the District Court's review of the administrative record and accordingly remand for a trial of appellee's claim de novo.[6] We vacate the order denying Brinson's intervention and leave to the District Court the definition of his role in the de novo proceedings.[7]

## I

Appellee commenced employment with the Community Relations Service of the Department of Justice as a public information specialist under a temporary appointment not to exceed one month. Within three weeks, she was elevated to career-conditional status at a higher grade, subject to completion of a one-year probationary period. Appellee maintains that during the first five months of her employment she experienced a favorable working relationship with Brinson but that thereafter he made sexual advances toward her which she rebuffed. In retaliation, her allegations continue, Brinson undertook to harass and humiliate appellee by castigating her without proper cause, refusing to entertain her recommendations, denying her information necessary to the performance of her duties, and ultimately terminating her employment. The Community Relations Service, on the other hand, insists that appellee increasingly exhibited a negative attitude and did unsatisfactory work, which together eventually necessitated her discharge.

After Brinson apprised appellee of his intention to dismiss her, she filed a formal complaint asserting sex discrimination. An equal employment opportunity officer investigated but found no unlawful discrimination.[8] Appellee was afforded an administrative hearing and in due course the Department's complaints examiner issued his recommended decision to dismiss the charge as unfounded.[9] That proposal was adopted by the Department's complaint adjudication officer.[10]

Appellee then brought her action in the District Court, alleging discrimination predicated on her gender, and seeking back pay and declaratory and injunctive relief. She contended that her case should be heard by the court de novo. At that time, and until the Supreme Court decided *Chandler v. Roudebush*,[11] the Department maintained that federal employees could not obtain de novo judicial consideration of Title VII claims but only a determination whether, strictly on the basis of the administrative record, the agency decision was rational. Addressing the litigation on the parties' cross-motions for summary judgment, and without expressly deciding whether appellee's claim of sex harassment was cognizable under Title VII, the District Court held that the administrative record revealed "proof suggestive of discrimination" and that the Department "had failed to come forward and affirmatively establish the absence of discrimination by the clear weight of the evidence."[12] Accordingly, the court denied the summary-judgment motions and remanded the case to the Department for additional administrative hearings wherein it would have the burden of demonstrating in that fashion that the discrimination appellee charged had in fact not been practiced.[13]

A new administrative hearing was then conducted, and testimony was elicited from Brinson and another witness, Ms. Ruth Spencer, who had been employed at the Community Relations Service contemporaneously with appellee. A new complaints examiner subsequently issued a recom-

---

6. See Part II *infra*.

7. See Part III *infra*.

8. Department of Justice Memorandum (Nov. 10, 1972), Joint Appendix (J.App.) 23.

9. Findings and Recommended Decision (Sept. 11, 1973), J.App. 193.

10. Letter from Gerald W. Jones, Complaint Adjudication Officer, to Diane R. Williams (Dec. 21, 1973), J.App. 204.

11. *Supra* note 4.

12. *Williams v. Saxbe*, Civ. No. 186–74 (D.D.C. Aug. 5, 1974) (unreported), J.App. 206a.

13. *Id.*

mended decision, which this time concluded that the Department had not discharged its burden, and that appellee "was discriminated against because of sex and the acts of her immediate supervisor in intimidating, harassing, threatening and eventually terminating her." [14] The complaint adjudication officer, who had rendered the agency's decision when the case had previously been presented for administrative review,[15] rejected that position and again held that appellee was not a victim of sex discrimination.[16]

The parties then returned to the District Court. Without further effort to secure a trial de novo,[17] appellee moved for judgment on the merits, urging the court to reject the Department's ultimate decision and to reinstate that of the complaints examiner. The Department, however, renewed its motion for summary judgment, asserting that the record established that appellee's discharge was nowise connected with her supervisor's advances. Although by that time we had held that federal employees who are plaintiffs in Title VII suits are entitled to trials de novo,[18] the court declined to consider the case de novo because both parties had sought judgment on the administrative record.[19]

Allocating the burden of proof in the manner earlier announced,[20] the District Court deemed evidence in that record suggestive of discrimination sufficient to compel the Department affirmatively to establish the absence of discrimination by the clear weight of the evidence.[21] Characterizing the decision of the complaint adjudication officer as "wholly unsatisfactory to the point of being practically incapable of review," [22] the court then examined the administrative record to ascertain whether the recommended decision of the second complaints examiner "was based on substantial evidence and was rational." [23] Concluding that it was, the court denied the Department's motion and granted judgment for appellee.[24]

In its memorandum opinion, the District Court remarked that the "advances of [appellee's] supervisor . . . were not disputed." [25] Solicitous of Brinson's reputation, the Department requested deletion of that phrase but was rebuffed on the ground that the statement was factually correct.[26] Thereafter, Brinson moved to intervene as of right pursuant to Civil Rule 24(a)(2),[27] complaining that the judgment should be vacated and a new trial conducted in order to safeguard his name and integrity. Because the court had found that the alleged

---

**14.** Findings and Recommended Decision (Feb. 21, 1975) at 4–5, J.App. 243–244.

**15.** See Letter, *supra* note 10.

**16.** Department of Justice Decision (Mar. 12, 1975), J.App. 245.

**17.** See *Williams v. Saxbe, supra* note 2, 413 F.Supp. at 654. Appellee's decision was made while the appeal in *Hackley v. Johnson*, 360 F.Supp. 1247 (D.D.C.1973), was pending before us. In that case, the District Court had rejected the argument that there is an unqualified right to a trial de novo in § 717(a) cases. We reversed that ruling, *Hackley v. Roudebush*, 171 U.S.App.D.C. 376, 520 F.2d 108 (1975), prior to announcement of the District Court's opinion in this case. See *Williams v. Saxbe, supra* note 2, 413 F.Supp. at 655 n.1.

**18.** See *Hackley v. Roudebush, supra* note 17.

**19.** See *Williams v. Saxbe, supra* note 2, 413 F.Supp. at 654. See also *Williams v. Saxbe*, Civ. No. 74–186 (D.D.C.) (order of July 22, 1976), J.App. 302.

**20.** See text *supra* at note 12.

**21.** See text *infra* at notes 47–50.

**22.** *Williams v. Saxbe, supra* note 2, 413 F.Supp. at 661.

**23.** *Id.* at 661–662.

**24.** *Id.* at 663.

**25.** *Id.* at 662.

**26.** *Williams v. Saxbe*, Civ. No. 74–186 (D.D.C.) (order of May 6, 1976), J.App. 281.

**27.** Fed.R.Civ.P. 24(a)(2). In the alternative, Brinson sought permissive intervention under Rule 24(b)(2), reasoning that the issues whether the asserted sexual advances occurred and whether they affected appellee's dismissal were questions bearing at once upon his individual interest and the principal action.

advances "were not disputed,"[28] Brinson contended that the Department had failed to represent his interests adequately. The court ruled that Brinson's "motion [was] untimely and otherwise improper" under Rule 24.[29]

Less than a month later, the Supreme Court decided *Chandler*,[30] establishing definitively that Title VII suits by federal employees are to proceed in the district courts by trial de novo. Invoking that decision, the Department importuned the District Court to vacate its judgment in favor of appellee. The court declined to reopen the case for trial de novo for two reasons. One was that "the [Department had] stipulated in open court to have this case determined on the basis of the Court's review of the administrative record."[31] The other was "the statutory mandate for speedy resolution of Title VII cases and the delays that ha[d] already occurred. . . ."[32]

The Department appeals to this court, contending that the District Court erred in withholding de novo consideration and in allocating the burden of proof as it did.[33] Brinson appeals from the denial of his motion to intervene. Because of their interrelationship, we consolidated the appeals for review.

## II

We share the Department's concern over the procedural treatment of this case and, though we are loath to further postpone its resolution, we are convinced that reversal and remand for a trial de novo are essential. Because the District Court undertook its review of the administrative record ostensibly at the insistence of the Department,[34] the need for a new trial might be less apparent had the court unerringly evaluated the Department's ultimate disposition on the basis of that record. But neither a true review of agency action nor an independent evaluation of the merits—by a de novo weighing of the evidence in the administrative record—was afforded. Instead, the court, purporting to find substantial evidence supporting the nonfinal recommendation of the Department's complaints examiner, accepted that as an agency decision adequately sustained by the administrative record.[35] In short, there was no resolution of the merits either by a de novo reexamination or by an appropriate review of administrative action.

As we have noted, further proceedings were conducted by the Department responsively to the District Court's remand or-

---

**28.** *Williams v. Saxbe, supra* note 2, 413 F.Supp. at 662.

**29.** *Williams v. Saxbe,* Civ. No. 186–74 (D.D.C.) (order of May 11, 1976), J.App. 285.

**30.** *Chandler v. Roudebush, supra* note 4.

**31.** *Williams v. Saxbe,* Civ. No. 74–186, *supra* note 19, J.App. 302.

**32.** *Id.* at 1 n.1, J.App. 302 n.1.

**33.** At first, the Department also challenged the District Court's ruling that appellee's claims of sex harassment stated a cause of action under Title VII. After the briefs were filed, however, the Civil Service Commission subscribed to the view that dismissal in retaliation for refusal to accede to sexual advances violates Title VII, see *Barnes v. Costle,* 183 U.S.App.D.C. 90, 96 n.47, 561 F.2d 983, 989 n.47 (1977), and the Department consequently withdrew that issue from this appeal.

**34.** Initially, the Department "vigorously opposed the plaintiffs' [*sic*] right to a trial *de novo.*" *Williams v. Saxbe, supra* note 19, Civ.

No. 74–186, at 1, J.App. 302. Though we decided *Hackley v. Roudebush, supra* note 17, prior to the District Court's judgment herein, see note 17 *supra,* the Department did not urge de novo consideration until after the Supreme Court's decision in *Chandler.*

However, the nature of the Department's "stipulation" to a review on the agency record, see text *supra* at note 31, is unclear. The Department moved for summary judgment on the administrative record, a procedure not necessarily at war with de novo treatment. See *Hackley v. Roudebush, supra* note 17, 171 U.S. App.D.C. at 425, 520 F.2d at 157; *Sperling v. United States,* 515 F.2d 465, 481–482 (3d Cir. 1975), *cert. denied,* 426 U.S. 919, 96 S.Ct. 2623, 49 L.Ed.2d 372 (1976). Moreover, the District Court acknowledged that "[i]t is . . . true that the [Department] did not stipulate as to the burden of proof or the standard of review to be applied." *Williams v. Saxbe, supra,* note 19, No. 74–186, at 2 n.1, J.App. 303 n.1.

**35.** See note 38 *infra.*

der.[36] On the testimony of Brinson and Ms. Spencer—appellee's co-worker—and on supplemental documentary evidence presented by appellee, the complaints examiner determined that Brinson made unsuccessful sexual overtures toward appellee and that she had not encountered disapprobation of her work performance or conduct until the advances were made and snubbed. Thus, the examiner concluded that "the agency ha[d] not sufficiently produced evidence consistent with its burden to affirmatively establish the absence of sex discrimination by the clear weight of the evidence in this case."[37] The examiner's recommended decision, however, was not adopted as the final agency decision;[38] rather, the complaint adjudication officer concluded that sex discrimination had not been shown.[39] In that posture, the litigation returned to the District Court.

■ The District Court held "the Complaint Adjudication Officer's decision, which [was] the final decision of the agency, . .

defective on two grounds,"[40] which we may briefly summarize. First, that decision rested upon "the belief that the administrative complaint had not set forth a cause of action under Title VII,"[41] a stance the court—correctly in our view[42]—rejected as a matter of law.[43] Second, the adjudication officer had surmised that the complaints examiner had failed to consider the testimony of Ms. Spencer adduced at the hearings on remand—testimony figuring predominantly in the adjudication officer's determination that appellee's dismissal "was based on a 'clash between two apparently strong-willed persons neither of whom would submit to the other' and was therefore not based on sex discrimination."[44] The problem with this, the court said, was that the adjudication officer failed to "reveal under what standard this conclusion was reached, nor [did] his decision indicate whether he viewed the plaintiff or the defendant having the burden of proof."[45] Accordingly,

**36.** See text *supra* at notes 13–16.

**37.** Findings and Recommended Decision, *supra* note 14, at 4, J.App. 243.

**38.** Regulations of the Civil Service Commission, which is charged with principal responsibility for administering § 717 of Title VII, see § 717(b), 42 U.S.C. § 2000e–16(b) (Supp. V 1975), provide that hearings on complaints alleging violations of that section by a federal agency are to "be held by a complaints examiner." 5 C.F.R. § 713.218(a) (1977). Upon termination of such a hearing, the complaints examiner is required to "transmit to the head of the agency or his designee . . . the recommended decision of the complaints examiner on the merits of the complaint. . . ." *Id.* § 713.218(g). Thereupon, the regulations specify, "[t]he head of the agency, or his designee, shall make the decision of the agency . .," *id.* § 713.221(a), and that officer has power to "adopt, reject or modify the decision recommended by the complaints examiner." *Id.* § 713.221(b)(2). The Department of Justice has vested final decisionmaking authority in its "complaint adjudication officer," see 28 C.F.R. § 42.2 (1976), *as amended by* 42 Fed.Reg. 25724 (1977) *and* 42 Fed.Reg. 35646 (1977); Department of Justice Order No. 1713.4, ch. 3 ¶ 20 (1972), who may accordingly "reject or modify the recommended decision of the complaints examiner," *id.* ch. 3 ¶ 20(b).

**39.** See Department of Justice Decision, *supra* note 16.

**40.** *Williams v. Saxbe, supra* note 2, 413 F.Supp. at 661.

**41.** *Id.*

**42.** See *Barnes v. Costle, supra* note 33.

**43.** *Williams v. Saxbe, supra* note 2, 413 F.Supp. at 657–661.

**44.** *Id.* at 661, quoting Department of Justice Decision, *supra* note 16, at 6–7, J.App. 250–251.

**45.** *Williams v. Saxbe, supra* note 2, 413 F.Supp. at 661. Having discerned "proof suggestive of discrimination," the court had remanded the case to the agency for additional proceedings wherein "the [Department] would have the burden to affirmatively establish the absence of discrimination by the clear weight of the evidence." *Id.* at 656. In *Hackley,* we pointed out that this approach "may be inconsistent with that enunciated by the Supreme Court in other Title VII contexts." *Hackley v. Roudebush, supra* note 17, 171 U.S.App.D.C. at 380 n.6, 520 F.2d at 112 n.6. We regarded the burden-of-proof allocations prescribed by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), as controlling in Title VII suits by federal employees. *Id.* at 380 n.6, 425–426, 520 F.2d at 112 n.6, 157–158. See also *Chalk v. Secretary of Labor,* 184 U.S.App.D.C. 189, 565 F.2d 764 (1977).

Under *McDonnell,* once the complaining employee has made out a prima facie case of

"the decision of the Complaint Adjudication Officer [was] wholly unsatisfactory to the point of being practically incapable of review."[46]

Having rejected the adjudication officer's decision, the District Court acknowledged that ordinarily it would remand the case to the Department to enable the officer to properly review the examiner's decision.[47] Since, however, the court had previously remanded under directions to apply what it believed to be the appropriate standard, it deemed a repetition of that procedure "unjust as well as contrary to the intent of Title VII."[48] Consequently, the court reviewed the supplemented administrative record "to determine whether the Hearing Examiner's decision that the [Department]

had failed to affirmatively establish the absence of discrimination by the clear weight of the evidence was based on substantial evidence and was rational."[49] Concluding that it was, the court entered judgment for appellee.[50]

The District Court's departure from settled principles of judicial review of administrative action is thus manifest. When final decisionmaking authority is vested in an administrative tribunal, the determinations of that body, and not the mere recommendations of its examiner, are the principal concern of a reviewing court.[51] That is not to say that the examiner's findings are immaterial; they are part of the administrative record and may detract appreciably from contrary findings of the ulti-

---

unlawful discrimination, the burden of proof "must shift to the employer to articulate some legitimate, nondiscriminatory reason" for its actions. 411 U.S. at 802, 93 S.Ct. at 1824, 36 L.Ed.2d at 678. Then the employee must "be afforded a fair opportunity to show that [the employer's] stated reason . . . was in fact pretext." *Id.* at 804, 93 S.Ct. at 1825, 36 L.Ed.2d at 679. Although *McDonnell* involved an allegedly discriminatory refusal to rehire, the standards enunciated therein have been applied to discharge cases. See, e. g., *McDonald v. Santa Fe Transp. Co.,* 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976); *Flowers v. Crouch-Walker Corp.,* 552 F.2d 1277 (7th Cir. 1977).

The employer's burden under *McDonnell* of demonstrating "some legitimate, nondiscriminatory reason" for a termination may not be discharged simply by asserting that the employee was severed because of substandard work performance. In *McDonnell,* the employee's misconduct toward the employer was plainly established. 411 U.S. at 803, 93 S.Ct. at 1824–1825, 36 L.Ed.2d at 678. See also *Chalk v. Secretary of Labor, supra.* When the alleged nondiscriminatory basis for the discharge is disputed—as is appellee's work performance here—the onus is upon the employer to establish the events assertedly justifying his action. See *Turner v. Texas Instruments, Inc.,* 555 F.2d 1251 (5th Cir. 1977). Thereupon, the employee may show that the employer utilized the defective "conduct as a pretext" for prohibited discrimination. *McDonnell Douglas Corp. v. Green, supra,* 411 U.S. at 804, 93 S.Ct. at 1825, 36 L.Ed.2d at 679.

In denying the Department's motion for reconsideration, the District Court maintained that the *McDonnell* standard imposing upon "the plaintiff . . . the burden to prove that the basis asserted is merely pretext" was

inapposite to determinations at the administrative level because appellee lacked the benefit of discovery available in de novo trials. *Williams v. Saxbe, supra* note 19, at 2–3, J.App. 303–304. Irrespective of the merits of that view, *McDonnell* will clearly apply in the de novo proceedings in the District Court on remand.

**46.** *Williams v. Saxbe, supra* note 2, 413 F.Supp. at 661.

**47.** *Id.*

**48.** *Id.*

**49.** *Id.* at 661–662.

**50.** *Id.* at 663.

**51.** See *FCC v. Allentown Broadcasting Corp.,* 349 U.S. 358, 363–364, 75 S.Ct. 855, 859, 99 L.Ed. 1147, 1154 (1955); *Greater Boston Television Corp. v. FCC,* 143 U.S.App.D.C. 383, 395, 444 F.2d 841, 853 (1970), cert. denied, 403 U.S. 923, 91 S.Ct. 2233, 29 L.Ed.2d 701 (1971); *American Fed'n of Television & Radio Artists v. NLRB,* 129 U.S.App.D.C. 399, 405, 395 F.2d 622, 628 (1968); *Lorain Journal Co. v. FCC,* 122 U.S.App.D.C. 127, 131, 351 F.2d 824, 828 (1965), cert. denied, 383 U.S. 967, 86 S.Ct. 1272, 16 L.Ed.2d 308 (1966); *N. Sims Organ & Co. v. SEC,* 293 F.2d 78, 80 (2d Cir. 1961), cert. denied, 368 U.S. 968, 82 S.Ct. 440, 7 L.Ed.2d 396 (1962); *Hoffman v. Ribicoff,* 305 F.2d 1, 7 (8th Cir. 1962); *NLRB v. Waterfront Employers of Washington,* 211 F.2d 946, 953 (9th Cir. 1954); *Adolph Coors Co. v. FTC,* 497 F.2d 1178, 1184, 30 A.L.R.Fed. 1 (10th Cir. 1974), cert. denied, 419 U.S. 1105, 95 S.Ct. 775, 42 L.Ed.2d 801 (1975); *OKC Corp. v. FTC,* 455 F.2d 1159, 1162 (10th Cir. 1972); K. Davis, Administrative Law Treatise, §§ 10.03–10.04 (1958 & Supp. 1970).

mate agency arbiter.[52] But the existence of substantial evidence favoring the examiner's decision does not inexorably imply the absence of substantial support for the conflicting position.[53] And when the agency's final determination is adequately substantiated, that decision must prevail notwithstanding the defensibility of the examiner's opposite view.[54]

In this case, the District Court considered the final decision of the Department of Justice on appellee's complaint "wholly unsatisfactory to the point of being practically incapable of review." [55] Instead of remanding to the Department for clarification or a redetermination faithful to governing legal standards,[56] the court elected to review the recommended decision of the complaints examiner as though it were the handiwork of the agency itself. We are sympathetic to the court's commendable effort to afford the parties an expeditious resolution of this long-standing litigation. But this improvisation, though pursued for a worthy end, has imbued the result with infirmities it cannot survive.

Had deferential review of agency action been the proper course in this Title VII case, the District Court should have demanded elucidation of the agency's final determination, which flatly contradicted the recommendation of the complaints examiner. Satisfaction that the examiner's resolution was "based upon substantial evidence and was a reasonable interpretation of the evidence" [57] could not dissipate the force of the adjudication officer's adherence to a contrary decision.[58]

Of course, as we made clear in *Hackley,* and as was later confirmed in *Chandler,* the District Court was not confined in its consideration of the case to mere oversight of what the agency had done. But the court did not purport to pass independent judgment on the evidence already adduced in the administrative proceedings; rather, it expressly delimited its activity to a search for "substantial evidence" serving to fortify the examiner's conclusions.[59] So, even if a review of the administrative action instead of a de novo trial were otherwise an acceptable course, it was incumbent upon the court to conduct a fully proper review of the administrative decision, and the court's failure to do so of itself necessitates reversal.

---

**52.** See *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 492–497, 71 S.Ct. 456, 467–469, 95 L.Ed. 456, 469–472 (1951); *American Fed'n of Television & Radio Artists v. NLRB, supra* note 51, 129 U.S.App.D.C. at 405, 395 F.2d at 628; *NLRB v. Interboro Contractors, Inc.,* 388 F.2d 495, 499 (2d Cir. 1967): *Adolph Coors Co. v. FTC, supra* note 51, 497 F.2d at 1184; *OKC Corp. v. FTC, supra* note 51, 455 F.2d at 1162.

**53.** See *Greater Boston Television Corp. v. FCC, supra* note 51, 143 U.S.App.D.C. at 395, 444 F.2d at 853; *American Fed'n of Television & Radio Artists v. NLRB, supra* note 51, 129 U.S.App.D.C. at 405, 395 F.2d at 628; *Lorain Journal Co. v. FCC, supra* note 51, 122 U.S.App.D.C. at 131, 351 F.2d at 828; *Adolph Coors Co. v. FTC, supra* note 51, 497 F.2d at 1184.

**54.** See cases cited note 53 *supra.*

**55.** *Williams v. Saxbe, supra* note 2, 413 F.Supp. at 661.

**56.** In remanding to the agency in *SEC v. Chenery Corp.,* 318 U.S. 80, 94, 63 S.Ct. 454, 462, 87 L.Ed. 626, 636 (1943), the Court observed that if administrative "action is based upon a determination of law . . . an order may not stand if the agency has misconceived the law,"

and that "the orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained." *See, e. g., Secretary of Agriculture v. United States,* 347 U.S. 645, 74 S.Ct. 826, 98 L.Ed. 1015 (1954) (remand when Interstate Commerce Commission did not sufficiently adumbrate the legal basis of its decision); *Local 441, Int'l Brotherhood of Elec. Workers v. NLRB,* 167 U.S.App. D.C. 53, 510 F.2d 1274 (1975) (remand when Board failed to explain adequately basis of its disagreement with administrative law judge); *Brennan v. Gilles & Cotting, Inc.,* 504 F.2d 1255, 1264, 27 A.L.R.Fed. 925 (4th Cir. 1974) (remand because Occupational Safety and Health Review Commission failed to explain rationale for rejecting disposition of administrative law judge).

**57.** *Williams v. Saxbe, supra* note 2, 413 F.Supp. at 663.

**58.** See cases cited note 53 *supra.*

**59.** *Williams v. Saxbe, supra* note 2, 413 F.Supp. at 662–663.

## III

■ Because the propriety of trial de novo in actions such as this has now been established beyond peradventure,[60] de novo consideration by the District Court, rather than further deliberation by the Department of Justice, should be pursued on remand. As we explained in *Hackley,* unwarranted duplication of the administrative proceedings may be avoided simply by admission of the administrative records at the trial.[61] The court may in its discretion limit cumulative evidence,[62] but we hasten to add that evidence is not cumulative merely because it was once elicited before the agency.[63] Indeed, repetition of testimony may be essential with respect to witnesses whose credibility may determine the dispute's outcome.[64]

There remains only the question whether Brinson should have been, or now should be, allowed to intervene in appellee's suit against the Department. That is an issue we have no cause to address at this time. We are remanding for a de novo trial at which Brinson expectably will again testify, and that may eliminate any need for his participation additionally as a party. If it does not, the oncoming new trial is an appropriate occasion for reconsideration of a renewed motion to intervene.[65] To eliminate any obstacle to another effort by Brinson in that direction, we vacate the District Court's order disallowing his intervention. In doing so, we of course do not intimate any view whatever as to treatment of the intervention problem should it again confront the court.

The summary judgment for appellee is reversed. The order denying Brinson's intervention is vacated. The cases are remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*

---

**60.** See *Chandler v. Roudebush, supra* note 4; *Hackley v. Roudebush, supra* note 17.

**61.** 171 U.S.App.D.C. at 418, 520 F.2d at 150. And see *Chandler v. Roudebush, supra* note 4, 425 U.S. at 863 n.39, 96 S.Ct. at 1961 n.39, 48 L.Ed.2d at 432 n.39.

**62.** *Hackley v. Roudebush, supra* note 17, 171 U.S.App.D.C. at 427, 520 F.2d at 159.

**63.** *Id.*

**64.** *Id.* at 421, 427, 520 F.2d at 153, 159.

**65.** This is particularly so since a principal reason assigned by the District Court for denying intervention was the untimeliness of Brinson's motion. See text *supra* at note 29.