(119 So. 660)

**BROWNING v. WESCO CO.** (6 Div. 226.)

Supreme Court of Alabama. Jan. 17, 1929.

Horace C. Wilkinson and A. Leo Oberdorfer, both of Birmingham, for appellant.

London, Yancey & Brower and Jim C. Smith, all of Birmingham, for appellee.

FOSTER, J. Appellant sought a temporary injunction against appellee. The business of appellee consists of an asphalt plant, erected across the street from complainant's home, which is a four-apartment dwelling, in which complainant occupies an apartment.

The asphalt plant and equipment used in executing contracts with its product is estimated to be of the value of, to wit, $75,000; that a shutdown would entail a loss of $1,000 a day; that they employ about 200 men, with an average pay roll of $4,500 per week; that it would cost about $12,000 to move the plant; that when the hearing was had, it was paving with its product Twentieth street in Birmingham; that it had about fifteen contracts in the city for paving.

Complainant complains of the smoke, dust, noise, and odor. Complainant's three tenants have made affidavits for appellee, denying any annoyance from the plant, or that they threaten to leave on that account. There is no immediate danger of complainant losing her tenants by reason of a denial of a temporary injunction. The trial court heard, after notice, complainant's application for such temporary injunction. The hearing was on affidavits and pleading. The court denied the injunction, but ordered the denial to be without prejudice to renew the application within 30 days. This was because appellee had ordered a type of stoker by which they expected to eliminate the smoke. It was further ordered that the cause be retained for 30 days for further orders, to be made if the application is renewed. Instead of waiting the 30 days, complainant appealed. Appellee has moved to dismiss the appeal because the court did not refuse the writ of injunction within the meaning of section 8307 of the Code. We cannot agree with this view. The temporary writ was expressly and distinctly refused. Appellant had the right to demand and receive a ruling at the time. She did receive such, and was denied a writ. The court referred in its decree to the case of Romano v. B. R. L. & P. Co., 182 Ala. 335, 62 So. 677. That was a case where an injunction was sought against the maintenance of a nuisance in the form of gas escaping from a reservoir in the city of Birmingham. On final hearing, the bill was dismissed. It appeared that the objectionable features might be remedied. This court held that complainant was entitled to relief, and if the objections were incapable of remedy, it ought not to be allowed in the neighborhood where it was set up; but, if it should appear that the injury is only temporary, and may be corrected, the grant of relief may be accommodated to the facts. It was further held that, if the injurious condition is subject to remedy, and defendants evince a willingness and ask for an opportunity to apply that remedy, the proper practice is to retain the bill until that relief can be tested, and the result ascertained. It is evident that, in view of the proposal in the pending case to apply a new stoker, the circuit court undertook to give defendant that opportunity. The decree of the court was none the less a refusal of a temporary injunction. The other feature of the decree is more or less an explanation of such refusal. The statute gives a right of appeal on refusal, and therefore the motion to dismiss the appeal is denied.

We will therefore consider the merits of appellant's application for injunction. A temporary injunction is ordinarily granted for the purpose of maintaining a status quo until the final hearing, though sometimes it extends beyond that. 32 Corpus Juris, 36. A temporary injunction here would be based upon the same facts and for the same reasons which would determine the question on final hearing subject to interim changes. In the meantime, 'the only loss to complainant would be the personal discomfort to herself of a continuance of the existing conditions until there could be a final hearing. This does not seem to be of a serious nature. The evidence is susceptible of the inference that the dust is largely due to the unpaved street; that the smoke effects are in process of correction; that the noise and odors are not so offensive or of such nature as to cause serious or permanent consequences.

On the question of whether a temporary injunction will be granted or maintained, this court has expressed the principles observed apparently in all the authorities, in language which we quoted from the case of Woodstock, etc., v. Quinn, 201 Ala. 681, 79 So. 253, as follows:

"The granting or refusing of a temporary writ of injunction is largely a matter of sound judicial discretion, depending upon the particular facts of each case; and it is reviewable on appeal. Cullman Property Co. v. Hitt Lbr. Co. [201 Ala.] p. 150, 77 So. 574. In the exercise of such discretion the court will balance the probable resulting damages to the respective parties.

" 'It will especially weigh the relative degree of injury or benefit to the parties which may ensue from the maintenance of the injunction, on the one hand, or its dissolution, on the other.' "

On the same principle is our case of Jones

546

v. Jefferson County, 203 Ala. 137, 82 So. 167, which quotes the following from Davis v. Sowell, 77 Ala. 262: "Where it appears that greater danger is likely to result from granting than from withholding the relief, or where the inconvenience seems to be equally divided as between the parties, the injunction will be refused, and the parties left as they are, until the legal right can be determined by law"—and also quotes the following from English v. Progressive, etc., Co., 95 Ala. 259, 268, 10 So. 134, 138: "And in all cases where the right is doubtful, and the exercise of the power would interfere with industries promotive of public utility, it becomes the duty of the court to abstain from interfering. In such cases the proof should be clear and convincing, and the power 'should be cautiously and sparingly exercised.'" Many authorities could be cited to sustain that conclusion, for it is firmly established in this state. These principles are stated in accord with our decisions in 32 Corpus Juris, 29 et seq.

Our conclusion is that the temporary consequences to complainant resulting from a denial of a temporary writ are so insignificant as compared with the loss to respondent from an issuance of such writ, and as the conditions upon which the court would act are the same as they would be on final hearing, subject to subsequent changes made by that time, and it would not be limited to preserving a status quo, we sustain the action of the trial court, pretermitting a consideration of those matters which will control on the final hearing of the controversy.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.