### CRUTCHFIELD v. VOGEL.

### 6 Div. 18.

Supreme Court of Alabama.

Jan. 7, 1937.

Earney Bland, of Cullman, for appellee.

James & Stewart, of Cullman, for appellant.

KNIGHT, Justice.

Statutory ejectment.

The appellee, plaintiff in the court below, sued appellant to recover a small tract of land in Cullman county, Ala., and defendant losing in that court, brings this appeal.

The defendant disclaimed as to all land sued for except a certain described strip, containing approximately four acres, as to which he entered the plea of not guilty.

The plaintiff, instead of taking judgment for the land, as to which the defendant entered his disclaimer, as he might have done (Code, § 7457; Smith v. Endy, 216 Ala. 113, 112 So. 640), took issue on the disclaimer as well as on defendant's plea of not guilty. There was verdict for the plaintiff for all the land sued for, and judgment was entered accordingly.

At the conclusion of the evidence, the court, at the written request of the plaintiff, gave the jury the general charge in his favor, and refused the general charge requested by the defendant.

■ On behalf of the plaintiff there was evidence tending to show that the lands in suit were bought by C. C. Shikles from Mr. Burks, who was then in possession of the same; that on his purchase Shikles was placed in possession; that while so in possession of the property he and his wife executed to the plaintiff a mortgage on the same to secure an indebtedness of $1,600. By the terms of this mortgage the indebtedness matured on November 11, 1919. The date of the mortgage was June 27, 1919. That after default in the payment of the indebtedness, Vogel, the mortgagee, sold the property under the terms of the power of sale, and at the sale became the purchaser, and thereupon executed a deed to himself. Both deed and mortgage were introduced in evidence by the plaintiff.

This evidence made out a prima facie case for plaintiff. Smith v. Bachus, 195 Ala. 8, 70 So. 261; Driver v. King, 145 Ala. 585, 591, 40 So. 315; Ashurst v. Arnold-Heneger-Doyle Co., 201 Ala. 480, 78 So. 386; Florence Building & Investment Ass'n v. Schall et al., 107 Ala. 531, 18 So. 108.

The defendant offered no deed or other conveyance to show title in himself, nor did he offer any other evidence tending to show title to the lands.

■ On the cross-examination of the plaintiff's witness Shikles, the defendant propounded to the witness the following questions: "You bought this land through John J. Buchmann, as agent for Mr. Vogel, didn't you?" "Did you talk to him about the transaction?" "In executing the mortgage, who actually delivered the money to you in that case?" The purpose of the evidence thus sought to be elicited by answers to the said questions was not disclosed by the defendant, nor does it appear that such evidence would throw any light on the case. For aught appearing, it was wholly immaterial to any issue involved, and the court sustained plaintiff's objection thereto without error. Flowers v. Graves et al., 220 Ala. 445, 125 So. 659; Morgan Hill Paving Co. v. Pratt City Savings Bank, 220 Ala. 683, 127 So. 500; Alaga Coach Line, Inc., v. McCarroll, 227 Ala. 686, 151 So. 834, 92 A.L.R. 470.

■ What we have said with reference to the questions propounded by the defendant to plaintiff's witness Shikles applies to the following questions propounded by the defendant to his witness John J. Buchmann: "Were you the agent of Ben Vogel in 1924?" "Is this the signature of Mr. Vogel on the back of that check?"

■ The court's ruling in sustaining plaintiff's objections to the following questions propounded by defendant to his witness Buchmann can well be sustained for the reasons above stated: "Did you sell the property involved in this deed to Mr. Dewey C. Crutchfield?" "Did you sell that land or any part of it to Dewey C. Crutchfield on or about September 5, 1924?" It was not disclosed whether the evidence sought by these questions was for the purpose of showing title, or for the limited purpose of showing color of title. To prove title it was clearly inadmissible. A conveyance of title cannot be proven in this way.

■ The question by defendant to the witness Buchmann, "Did Dewey C. Crutchfield, under the terms of the deed from you to him, assume the payment of the mortgage due Ben Vogel, and did Vogel consent and approve and accept Mr. Crutchfield as the paymaster of the mortgage?" was clearly objectionable. There was no evidence before the court or jury that the said Buchmann had given the said Crutchfield any deed.

■ The defendant then propounded to his said witness Buchmann the following question: "I will ask you whether or not you know of your own personal knowledge whether or not Mr. Ben Vogel, the mortgagee, received full payment for that mortgage previous to attempted foreclosure deed May 25, 1932, which I exhibit to you?" While somewhat involved, this question called for competent and legal evidence, and the court committed error in sustaining plaintiff's objection thereto, which would necessitate a reversal of the cause but for facts thereafter developed, which rendered the error innocuous. To these facts we will later refer in this opinion.

█ In ejectment, where the action is possessory, plaintiff must recover on the strength of his own title, and not on the weakness of his adversary's title. Holland v. Pattillo, 205 Ala. 221, 87 So. 341; Monfee v. Hagan, 201 Ala. 627, 79 So. 189; Stewart Bros. v. Ransom, 204 Ala. 589, 591, 87 So. 89; Haley v. Miller, 193 Ala. 482, 69 So. 564; Gerald v. Hayes, 205 Ala. 105, 87 So. 351; Crow v. Smith, 207 Ala. 311, 92 So. 905; Stephens v. Moore, 116 Ala. 397, 22 So. 542.

The plaintiff's source of title was a mortgage executed to him by C. C. Shikles, who was at that time in possession of the property claiming to own the same, and the due foreclosure of that mortgage. No other source of title was asserted by the plaintiff. He showed no possession in himself prior to the possession of the defendant. He must, therefore, recover, if he recovers at all, on the title conferred by the mortgage, and its foreclosure.

Section 9026 of the Code provides: "The payment of the mortgage debt, whether the mortgage is of real or personal property, divests the title passing by the mortgage."

So, then, if the plaintiff's mortgage was paid before the attempted foreclosure, the foreclosure was a nullity, and wholly inefficacious for any purpose, and consequently by payment of the debt plaintiff's title was completely destroyed and lost. Upon such payment the title at once was reinvested, by force of the statute, in the mortgagor. Bellenger v. Whitt, 208 Ala. 655, 95 So. 10; Abbett v. Page, 92 Ala. 571, 9 So. 332.

The foregoing will serve to show the competency and materiality of the question propounded by defendant to his witness Buchmann seeking to show that the mortgage debt was in fact paid before the attempted foreclosure was had, and which occurred prior to the bringing of this action.

But while the court's ruling in declining to allow the defendant to make the proffered proof was erroneous, it was error without injury, as we shall now demonstrate.

It appears from the record that this defendant filed a bill in the circuit court of Cullman county, in April, 1932, against Vogel, in an attempt to prevent the foreclosure of the mortgage. Many grounds were asserted for equitable relief, including the establishment of the payment of the said mortgage executed to Vogel by said Shikles and wife (the mortgage upon which plaintiff relies to show title in him to the lands in suit); to remove cloud upon the title of said Crutchfield to said lands; and to establish and enforce an alleged release by said Vogel, mortgagee, of the four-acre tract as to which defendant is litigating with plaintiff in this suit; and to enjoin the foreclosure of said mortgage.

The complainant undertook to amend this bill two or three times to meet the rulings of the court on demurrers interposed thereto by Vogel.

On January 22, 1934, the court again sustained demurrers of Vogel to the bill as last amended, and allowed the complainant twenty days within which to further amend the bill. No amendment was thereafter filed, and the cause coming on to be heard on December 4, 1934, the court dismissed the bill. The dismissal of the bill was evidently entered for and on account of complainant's default, as the complainant had wholly failed to comply with the court's order of January 22, 1934.

█ There was no appeal from the decree dismissing the bill, and the order remains in full force and effect. The dismissal of the chancery suit, under rule 28 of Chancery Practice, was equivalent to a dismissal on the merits. Warrior River Coal & Land Co. v. Alabama State Land Co., 154 Ala. 135, 45 So. 53; New England Mortgage Security Co. v. Davis, 122 Ala. 555, 25 So. 42.

█ The record of the chancery suit shows conclusively that the issues presented in this case had been judicially determined against this defendant. The effect of this determination of the chancery suit against the defendant was to create an estoppel against him to again litigate the same issues with the plaintiff in this suit. Strang v. Moog, 72 Ala. 460; Warrior River Coal & Land Co. v. Alabama State Land Co., supra.

█ Therefore, any error the court may have committed in declining to permit the defendant to prove by the witness Buchmann that the mortgage was paid before the attempted foreclosure was error without injury. That issue, it must be held, had been judicially determined against the defendant, as above pointed out. Rule 45 applies in this case.

█ The court committed no error in overruling defendant's motion to transfer the cause from the law docket to the equity docket. The defendant had litigated with

310

this appellee in the equity court of Cullman county, over this identical land, for more than two years, with the same issues before the court, and the court properly declined to allow the appellant to go over the same matters again in a court of equity.

Under the evidence the plaintiff was entitled to recover the lands sued for, and the court committed no error, therefore, in giving the general charge for plaintiff.

Finding no errors prejudicial to the defendant, the judgment appealed from must be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.