**J. Ralph SAYLOR, Plaintiff-Appellant,**

v.

**Thayer LINDSLEY, Gordon D. Stott, Paul W. Zeckhausen, Northfield Mines, Incorporated, Mines Incorporated, George W. Tower and Tonopah Mining Company of Nevada, Defendants-Appellees,**

and

**J. Wesley McWilliams, Louis H. Bregy, John T. McWhirter, William H. Wright, G. T. N. Woodruffe, La Luz Mines Limited, Falconbridge Nickel Mines, Limited, Ventures Limited, Defendants.**

No. 278, Docket 31819.

United States Court of Appeals
Second Circuit.

Argued Jan. 23, 1968.

Decided March 18, 1968.

Abraham I. Markowitz, New York City, for plaintiff-appellant.

Herbert J. Jacobi, New York City (Thomas F. O'Toole, Jerome M. LeWine, Wickes, Riddell, Bloomer, Jacobi & McGuire, New York City, on the brief), for defendants-appellees Thayer Lindsley, Gordon D. Stott, Paul W. Zeckhausen, Northfield Mines, Inc., Mines, Inc. and George W. Tower.

Daniel A. Pollack, New York City (Pollack, Greenspoon & Singer, New York City, on the brief), for defendant-appellee Tonopah Mining Co. of Nevada.

Before MEDINA, MOORE and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

The present derivative action was brought on behalf of the Tonopah Mining Co. of Nevada (Tonopah), in the District Court for the Southern District of New York on October 6, 1964 by J. Ralph Saylor, the plaintiff-appellant. Several of the directors of Tonopah and certain corporations, allegedly affiliated with Tonopah or under the control of its directors, are charged with violations of the federal securities laws and with breach of fiduciary duty under state law. Jurisdiction is based upon federal statute and the doctrine of pendent jurisdiction. Diversity of citizenship is not alleged.

The transactions in question are the sale and transfer by Tonopah to Mines Incorporated (Mines), in 1951 of 60%, and in 1953 of the remaining 40%, of the stock of a subsidiary, Tonopah Nicaragua Company (Tonopah Nicaragua), the principal asset of which was a copper mine located in Nicaragua (the Rosita Mine), and the subsequent transfer in 1955 of the Rosita Mine to a wholly-owned subsidiary of one of the defendant corporations, La Luz Mines Limited (La Luz). It is alleged that, at the time of these events the seller (Tonopah), the buyer (Mines), and the eventual transferee (La Luz), were all under the domination and control of the defendants; that the sale of the Tonopah Nicaragua stock to Mines was affected at less than a fair consideration; that the defendants conspired to invest ownership of the

Rosita Mine in La Luz for the personal benefit of certain of the defendants; and that in furtherance of the conspiracy, information pertaining to the true extent of the copper reserves at the Rosita Mine, and to the value of those reserves, which was known to the defendants, was concealed from, and certain other facts were misrepresented to, the stockholders of Tonopah. These acts, it is alleged, constitute a breach of fiduciary duty on the part of the defendant directors of Tonopah, and, in addition, are violations of the Investment Company Act of 1940,[1] and of the anti-fraud provisions of the Securities Act of 1933 [2] and the Securities Exchange Act of 1934.[3] By way of relief, the complaint demands that the sale of the Tonopah Nicaragua stock be declared null and void, that the transfer of the property and assets of Tonopah Nicaragua be rescinded and the property be reconveyed to Tonopah, and that the defendants be made to account for the profits made by them and the damages sustained by Tonopah.

By motion dated April 22, 1965, certain of the defendants moved for summary judgment on the ground that the claims asserted by the plaintiff Saylor were *res judicata* and, alternatively, on the ground that the suit was barred by the applicable statute of limitations.

The claim of *res judicata* was based upon the fact that an earlier derivative suit, brought on behalf of Tonopah in 1957 by a stockholder named Hawkins, Hawkins v. Lindsley, 2 Cir., 327 F.2d 356, and founded upon the same allegedly fraudulent transactions as the present action, was dismissed "with prejudice" in 1961 due to Hawkins' failure to comply with an order of the court requiring that he post a security-for-costs bond. The motion was heard by the District Court which granted summary judgment in favor of the defendants-appellees on June 13, 1967.[4] It held that the complaint filed against the defendants in the present suit was substantially the same as the complaint in the *Hawkins* litigation, and that the dismissal "with prejudice" in *Hawkins* was a judgment on the merits, and was binding on all the stockholders of Tonopah under the principle of *res judicata*. On this disposition, the court did not resolve the difficult questions raised by the defense of the statute of limitations, but suggested that, had the issues been reached, the case would have been inappropriate for summary disposition because of the presence of one or more material questions of fact, *e. g.* when did Saylor discover or when should he reasonably have discovered the facts allegedly amounting to fraudulent conduct so as to start the running of the limitations period. A judgment dismissing the complaint as to the moving defendants was entered on June 22, 1967 and, from it, the plaintiff-appellant has appealed.

In this court the appellant has advanced three arguments, any one of which, if accepted here, would require a reversal of the trial court's decision on *res judicata*. He claims that the dismissal in *Hawkins* is not *res judicata* as to the present action, first, because the two suits are not based upon the same cause of action because additional legal theories for recovery have been added to the instant complaint; second, because the dismissal in *Hawkins* for failure to post a security-for-costs bond is not a judgment "on the merits" for the purposes of *res judicata*; and, third, because the dismissal in *Hawkins*, even if on the merits, is not binding on the plaintiff, Saylor, and the other stockholders of Tonopah who were not given actual notice and an opportunity to intervene before the action was ordered dismissed. Upon careful consideration of each of the arguments made by the appellant, and of the counter-arguments advanced by the ap-

---

1. 15 U.S.C. § 80a–1 et seq.

2. 15 U.S.C. § 77a et seq.

3. 15 U.S.C. § 78a et seq.; and 17 C.F.R. § 240.10b–5.

4. The opinion of the district court is reported at 274 F.Supp. 253 (S.D.N.Y. 1967).

pellees, we have concluded that, under all the circumstances of this case, the dismissal "with prejudice" in the *Hawkins* action was not a disposition "on the merits" for the purpose of *res judicata*, and is not a bar to the timely commencement of a new action by another stockholder of Tonopah. We concur, however, in the opinion of the trial court that the question of a limitations bar to the present action cannot be resolved on summary judgment due to the existence of unresolved issues of fact. The judgment of the district court is therefore reversed and the case is remanded to that court for further proceedings.

■■ The general rule of *res judicata* is that a valid, final judgment, rendered on the merits, constitutes an absolute bar to a subsequent action between the same parties, or those in privity with them, upon the same claim or demand. It operates to bind the parties both as to issues actually litigated and determined in the first suit, *and as to those grounds or issues which might have been, but were not, actually raised and decided* in that action. The first judgment, when final and on the merits, thus puts an end to the whole cause of action. See Cromwell v. County of Sac, 94 U.S. 351, 24 L. Ed. 195 (1877); Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948); 1B Moore's Federal Practice ¶0.405[1] (1965 ed.).

■■ The requirement that a judgment, to be *res judicata*, must be rendered "on the merits" guarantees to every plaintiff the right once to be heard on the substance of his claim. Thus, ordinarily, the doctrine may be invoked only after a judgment has been rendered which reaches and determines "the real or substantial grounds of action or de-

fense as distinguished from matters of practice, procedure, jurisdiction or form," Clegg v. United States, 112 F.2d 886, 887 (10 Cir. 1940), and, at common law, a dismissal on a ground which did not resolve the substantive merit of the complaint was not a bar to a subsequent action on the same claim. Hughes v. United States, 4 Wall. 232, 71 U.S. 232, 237, 18 L.Ed. 303 (1865); Halderman v. United States, 91 U.S. 584, 585–586, 23 L.Ed. 433 (1876). To this general rule, however, there are exceptions. One, embodied in Rule 41(b) of the Federal Rules of Civil Procedure,[5] provides that an involuntary dismissal for failure to prosecute, or for failure to comply with the Rules or any order of the court, shall operate as an "adjudication upon the merits," although the substantive issues of the case are never reached. This exception does not apply, however, in the case of a dismissal for lack of jurisdiction or for improper venue.

In its opinion, the court below cited Rule 41(b) as support for its conclusion that the dismissal in *Hawkins* was "on the merits," and therefore *res judicata* in the present action. Although the order of dismissal in *Hawkins* did not specify the ground upon which it was based, the opinion of the District Court in the present proceeding correctly notes that either of the two grounds for dismissal which had been urged by the defendants, i. e., the plaintiff's failure to comply with the order to post a security-for-costs bond, or his failure diligently to prosecute the action, would bring the case within the literal words of Rule 41(b). For the purposes of this appeal, however, we have assumed that the dismissal was grounded solely upon Hawkins' failure to post the bond, because it is apparent from the record that the failure to prosecute was

---

5. The pertinent part of Rule 41, at the time of the dismissal in *Hawkins*, read:
"(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.

* * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

due to his inability to meet that precondition. Such a literal application to the particular facts before us, would, however, be inconsistent with the accepted interpretation of the Rule for the purpose of determining a disposition on the merits as applied to the doctrine of *res judicata*.

■ In Costello v. United States, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961) the Supreme Court held that the dismissal of a denaturalization proceeding brought under § 340(a) of the Immigration and Nationality Act, due to the Government's failure to file with the court the affidavit of good cause required by the statute, was not "on the merits" by virtue of Rule 41(b), or binding against the Government under the doctrine of *res judicata*. The Court interpreted Rule 41(b) as intending not to change the common-law principles of *res judicata* "with respect to dismissals in which the merits could not be reached for failure of the plaintiff to satisfy a precondition." 365 U.S. at 286, 81 S.Ct. at 545. The policy behind Rule 41(b), the Court explained, is to bar subsequent actions only in "situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them." Ibid.

■ Although neglect to prosecute would normally provide an appropriate occasion for the invocation of Rule 41(b), the failure to post a bond-for-costs is a wholly different matter. The present defendants make no claim that they were put to the inconvenience of preparing a defense in the *Hawkins* litigation. Moreover, because the bond was not filed,

the court in *Hawkins* did not reach the point of considering the motions to dismiss, based on claims that the court lacked jurisdiction as to some of the defendants, which, if reached and granted, would, under the Rule, not have been "on the merits." In view of the fact that the plaintiff was never permitted to approach the point where the court could even consider its own power to go "forward to determine the merits of his substantive claim," it would be wrong to say that the dismissal in *Hawkins* was *res judicata* as to the present action.

■■ Another factor, which provides an added reason for at least questioning the fairness and justice of treating the dismissal of the *Hawkins* action as an adjudication on the merits, is the confused state of the record as to what complaint was actually before Chief Judge Ryan when he ordered the dismissal in 1961. This matter was called to the attention of counsel at the oral argument of the present case and they were allowed time specially to prepare and file supplemental briefs on this point, which they did. It still remains unclear, however, whether the dismissal involved the "first amended complaint," which contained only a claim for breach of fiduciary duty under state law, or the "second amended complaint," which contained both the state law ground for relief, and additional claims based on various provisions of the federal securities laws. The question is not whether either or both of the *Hawkins* complaints and the complaint in the present case pertain to the same transactions and arise out of the same operative facts.[6] Their allegations show that they do. The question rather has to do

6. Assuming that the first amended complaint is the relevant one, the appellant argues that the addition of federal theories of recovery in the present action makes his claim different from that alleged in *Hawkins*, and, therefore, that the dismissal in *Hawkins* cannot be *res judicata* here. The argument has no merit, however, because the allegations in both suits clearly pertain to the same disputed transactions and arise out of the same operative facts.

In such a case, a new theory does not create a new cause of action. See Williamson v. Columbia Gas & Electric Corp., 186 F.2d 464, 468 (3 Cir. 1950), cert. denied, 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355 (1951); Norman Tobacco & Candy Co. v. Gillette Safety Razor Co., 295 F. 2d 362 (5 Cir. 1961); Wolcott v. Hutchins, 245 F.Supp. 578 (S.D.N.Y.1965), aff'd 365 F.2d 833 (2 Cir. 1966).

with the order to furnish a $50,000 bond pursuant to the New York security-for-costs statute in default of which the *Hawkins* action was dismissed. If it was the second amended complaint that was before the court, the New York statute could not lawfully be applied to the federal claim alleged in it. Fielding v. Allen, 181 F.2d 163 (2 Cir.), cert. denied sub nom., Ogden Corp. v. Fielding, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600 (1950); Weitzen v. Kearns, 262 F.Supp. 931 (S.D.N.Y.1966), aff'd sub nom., Epstein v. Solitron Devices, 388 F.2d 310 (2 Cir. 1968). This uncertainty connected with the order which preconditioned Hawkins' right to have the most preliminary aspects of his case ever considered by the court and which, through his inability to furnish the required sum, caused the action to be dismissed, provide a further justification for holding that the dismissal was not an adjudication on the merits for the purposes of *res adjudicata*.

█ On the remaining question of whether the present action is barred by the applicable statute of limitation, we agree with the district court that the possible existence of a material issue of fact, i. e., when the plaintiff did discover, or reasonably should have discovered, the facts which give rise to the action, prevents summary disposition of the suit on the limitations ground.

█ Where, as here, the federal statute upon which the suit is based does not provide a specific period for its enforcement, a district court will borrow a period of limitation from the law of the state in which the court sits, International Union, United Auto., etc., Workers, etc. v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); Moviecolor Ltd. v. Eastman Kodak Co., 288 F.2d 80, 83, 90 A.L.R.2d 252 (2 Cir.), cert. denied 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961), which, in the present case, is the law of New York. We accept, *arguendo*, the defendants' assumption that the applicable New York statute of limitation is the six year period provided in former Civil Practice Act § 48, subsections (2) and (8), which, unlike the period in § 48, subsection (5), runs from the date of the perpetration of the wrong rather than from the date of its discovery. Nevertheless, because the present complaint alleges a claim of federal origin cognizable only in a federal forum, 15 U.S.C. § 78aa, the doctrine of Bailey v. Glover, 21 Wall. 342, 88 U.S. 342, 22 L.Ed. 636 (1875), that the statute is tolled so long as the alleged fraud is concealed by the wrongdoers, may avail this plaintiff. Janigan v. Taylor, 344 F.2d 781 (1 Cir.), cert. denied 382 U.S. 879, 86 S.Ct. 163, 15 L.Ed.2d 120 (1965); Moviecolor Ltd. v. Eastman Kodak Co., supra. Unlike the situation in *Moviecolor*, see 288 F.2d at 88, the record here suggests the possibility that the complaint might be amended to allege sufficient facts to invoke the benefits of this rule. Thus, although it is arguable that the filing of the *Hawkins* complaint in 1957, more than six years before the commencement of this suit, alone would provide sufficient notice of the alleged fraud to start the period of limitation running against all Tonopah stockholders, there is also the suggestion in the record that annual reports, distributed by the corporation within six years of the instant action, may have been designed by the defendants to mislead stockholders as to the true facts upon which the *Hawkins* action was based. Under these circumstances, the statute might be tolled even under the less liberal New York law. See Erbe v. Lincoln Rochester Trust Co., 13 A.D.2d 211, 214 N.Y.S.2d 849 (1st Dept. 1961), appeal dismissed, 11 N.Y. 2d 754, 226 N.Y.S.2d 692, 181 N.E.2d 629 (1962); Lowell Wiper Supply Co. v. Helen Shop, Inc., 235 F.Supp. 640, 645–646 (S.D.N.Y.1964). Since a remand for further proceedings on this issue is therefore required, we need not now discuss *additional arguments which the appellant has made in an effort to avoid the limitations bar.

Reversed and remanded.