578 So.2d 1234 (1991)
Robert Myles FERGUSON and Nettie Mae Ferguson
v.
The COMMERCIAL BANK, et al.
89-1288.
Supreme Court of Alabama.
February 15, 1991.
Rehearing Denied April 5, 1991.
*1235 James Harvey Tipler of Tipler & Tipler, Andalusia, for appellants.
Christopher Lyle McIlwain of Hubbard, Waldrop, Reynolds, Davis & McIlwain, Tuscaloosa, for appellees.
SHORES, Justice.
This case presents the question whether an application for a temporary restraining order that was dismissed as moot was a judgment on the merits so as to bar a subsequent action under the doctrine of res judicata. We hold that it was not, and we reverse and remand.
On April 22, 1987, the plaintiffs, Robert Myles Ferguson and Nettie Mae Ferguson, filed an application for a temporary restraining order in the Circuit Court of Conecuh County, in an attempt to stop a foreclosure sale of property that they had mortgaged to defendant Commercial Bank. The trial judge, the Honorable Robert E. Lee Key, entered an order restraining Commercial Bank from foreclosing on the mortgages, conditioned upon the Fergusons' posting a surety bond in the amount of $250,000. This amount was reduced to $30,000 pursuant to a stipulation of the parties the next day. However, the Fergusons were still unable to post this bond because the premium would have equalled the bond amount. That same day, Judge Key entered an order dismissing the Fergusons' application for a T.R.O. as "moot," and the foreclosure sale took place as scheduled on April 23, 1987.
Apparently the foreclosure sale was defective. Commercial Bank began new foreclosure proceedings on the same property in June 1987. On November 14, 1988, the Fergusons filed a complaint against Commercial Bank, First Alabama Bank, and First Alabama Bancshares, Inc.,[1] alleging *1236 wrongful foreclosure, fraud, and intentional interference with business relations in connection with the foreclosure on the mortgage. The defendants filed a motion for summary judgment, arguing that the issues had been adjudicated when the Fergusons applied for a T.R.O. in Conecuh County prior to the first foreclosure, and that the suit was, therefore, barred by the doctrine of res judicata. The Honorable William H. Baldwin entered a summary judgment in favor of the defendants on the ground that the dismissal of the Fergusons' T.R.O. application as moot barred this action under the doctrine of res judicata. The Fergusons appeal from the summary judgment.
This Court has written:
"Alabama law requires four elements for the application of res judicata. First, there must be a substantial identity between the parties in the prior and subsequent suits; second, there must be the same cause of action in both suits; third, the previous case must have been decided by a court of competent jurisdiction; and fourth, the previous adjudication must have reached the merits of the case. Missildine v. Avondale Mills, Inc., 415 So.2d 1040, 1041 (Ala.1981)."
Higgins v. Henderson, 551 So.2d 1050, 1052 (Ala.1989). See Broughton v. Merchants Nat'l Bank of Mobile, 476 So.2d 97, 101 (Ala.1985). If one of these elements is not present, the doctrine of res judicata is inapplicable.
A temporary restraining order is, as its name suggeststemporary. It is an emergency measure that will be granted only upon a showing that it is necessary to prevent immediate and irreparable injury, loss, or damage. A.R.Civ.P. 65(b). It can even be issued without notice to the adverse party, and, if so issued, expires in 10 days.
It is not contemplated by the Rules that a T.R.O. request will result in a hearing on the merits of the case. An emergency measure, an application for a T.R.O. is not an "action" in the ordinary sense. A proceeding on an application for a T.R.O., by its very nature, does not reach the merits of a case. A T.R.O. is granted to maintain the status quo until there is an opportunity for an adjudication on the merits. See Browning v. Wesco Co., 218 Ala. 544, 119 So. 660, 661 (1929).
The defendants focus on the word "dismissed" in Judge Key's order, arguing that the order was an involuntary dismissal under Rule 41(b), A.R.Civ.P. They point to the last sentence of that rule, which reads as follows:
"Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."
A reading of the entire order, however, shows us that the key word in the order is "moot," not "dismissed." The trial judge's order states, "Petitioner not having filed required bond in any amount, petition is hereby rendered moot and matter dismissed out of Court and costs taxed to the Petitioner."
Mootness is a question of justiciability. If a case has become moot, or if a judgment would not accomplish an end recognized as sufficient in law, then there is no necessity for a judgment and the court will decline to consider the merits and will dismiss the case. See Chisolm v. Crook, 272 Ala. 192, 130 So.2d 191 (1961), citing Ex parte McFry, 219 Ala. 492, 122 So. 641 (1929).
A dismissal based on mootness is not an adjudication on the merits. See 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4436, at 344 (1981). "[T]he holding of mootness is not a judgment on the merits and, as a nonmerits *1237 judgment, it does not bar further action on any matters not actually adjudged. Moore's Federal Practice Para. 0.405[5]." De Volld v. Bailar, 568 F.2d 1162, 1166 (5th Cir.1978). "It is well settled that the dismissal of a case because it is moot does not lay a basis for the application of the doctrine of res judicata." N. Sims Organ & Co. v. SEC, 293 F.2d 78, 81-82 (2d Cir. 1961), cert. denied, 368 U.S. 968, 82 S.Ct. 440, 7 L.Ed.2d 396 (1962).
The Alaska Supreme Court has held that the dismissal as moot of an action to enjoin a foreclosure was not a judgment on the merits that precluded an action for damages arising out of the same events. Ostrow v. Higgins, 722 P.2d 936 (Alaska 1986). In Ostrow, the plaintiff/appellant was granted a T.R.O. barring foreclosure proceedings on her property, pending a hearing on her motion for a preliminary injunction. She did not pursue her motion for a preliminary injunction for more than nine months. The foreclosure sale took place, and she renewed her motion. However, she withdrew her motion after the defendants opposed it as moot, and the trial court dismissed the action with prejudice. The plaintiff then filed suit, claiming that the property had been wrongfully sold and that the sale had been improperly conducted. The trial court entered a summary judgment for the defendants on the grounds that Ostrow was precluded from raising issues that she had raised or could have raised in her first lawsuit. The Alaska Supreme Court reversed, stating as follows:
"[W]e agree with Ostrow that the dismissal was based on mootness and did not adjudicate the merits.
"Mootness is a jurisdictional issue which does not preclude a second action on the same claim if the justiciability problem can be overcome. McCarney v. Ford Motor Co., 657 F.2d 230, 233 (8th Cir.1981), citing 18 C. Wright, A Miller & E. Cooper, Federal Practice and Procedure § 4436, at 344 (1981). Under Alaska Civil Rule 41(b) a dismissal for lack of jurisdiction is not an adjudication on the merits. Blake v. Gilbert, 702 P.2d 631, 635 (Alaska 1985).
"Ostrow's first lawsuit for injunctive and declaratory relief became moot simply because the foreclosure sale had already occurred. Thus, the trial court erroneously held that Ostrow could not now litigate whether she had breached her obligations and whether the T.R.O. remained effective...."
722 P.2d 936 at 938-39.
We find the reasoning of the Alaska Supreme Court persuasive in this case. The Fergusons' application became moot simply because they could not raise the funds to post a bond. We hold that the dismissal of their application for a T.R.O., which occurred because they failed to post a bond, was not a judgment on the merits so as to bar a subsequent action under the doctrine of res judicata.
The defendants also argue that the plaintiffs' claims, to the extent that they are based on fraud, are barred by the statute of limitations. The statute of limitations for fraud is two years. Alabama Code 1975, § 6-2-38. Because the record reflects that there is a genuine issue of material fact as to when the alleged fraud was, or should have been, discovered, see § 6-2-3, the fraud claims could not properly be disposed of on a motion for summary judgment. Rule 56, A.R.Civ.P.
This judgment is due to be reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS, KENNEDY and INGRAM, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.
MADDOX, Justice (dissenting).
The issue before this Court involves the application of the doctrine of res judicata. The specific question presented is whether a person, having filed a complaint in the circuit court seeking to enjoin the foreclosure of a mortgage on the ground that the mortgage was obtained because of an alleged fraud practiced upon the mortgagor, *1238 and having suffered a dismissal of that action by failing to post the bond required by the trial court to enjoin the foreclosure, can, nevertheless, subsequently pursue an independent action to recover damages for the same alleged fraudulent conduct of the mortgagee, when all of the issues presented in the second action were either presented in the first action or could have been presented in that action.
The majority, treating the first action as nothing more than an application for a temporary restraining order, and treating the issue presented in the first lawsuit as nothing more than an application for temporary relief, holds that the trial judge erred in determining that the doctrine of res judicata barred the second action. I cannot agree with the majority's interpretation of Rule 41(b), Ala.R.Civ.P., which deals with involuntary dismissal of lawsuits, and the reasons for my disagreement can be summarized as follows: (1) the majority treats the first action as nothing more than an application for a temporary restraining order, when, in fact, it also sought permanent relief; and (2) the majority incorrectly holds that an involuntary dismissal of an action because of the failure of a party to post a bond is not a judgment on the merits under Rule 41(b).
It is unquestioned that the plaintiffs, in the first action, sought to enjoin the foreclosure by the bank of mortgages on the same two parcels of land involved in this action on the ground that the bank had practiced a fraud upon them. Had they posted the required bond, they could have obtained in the first action an adjudication of each of the claims that were contained in the second action. In fact, many of the allegations are almost identical.
The Complaint Sought Permanent Relief
The majority classifies the action the Fergusons filed in Conecuh County as "an application for a temporary restraining order" and classifies the verified complaint the Fergusons filed in Conecuh County as being an "application for a T.R.O." that was dismissed as moot "because they failed to post a bond," and states that because of that fact the dismissal was "not a judgment on the merits so as to bar a subsequent action under the doctrine of res judicata." The majority correctly states that the first action was dismissed "because [the plaintiffs] failed to post [the required] bond." In reaching the conclusion that the first complaint was only an application for a temporary restraining order, the majority unfortunately focuses its attention on only one of the demands for relief that were made in the first action. The record of that first action was made a part of the record that was before the trial court in this case, and a comparison of the allegations of the complaint in the Conecuh County action with the allegations contained in the complaint in this case shows that in many instances the allegations are identical. In the first action, the basis for the Fergusons' request for both temporary and permanent injunctive relief was their allegations that the defendants had defrauded them and that the defendants should be enjoined from foreclosing on "two groups of real property situated in Escambia and Conecuh County, Alabama," because of these acts of alleged fraud. In their complaint, the plaintiffs also alleged that "they stand ready, if necessary, to post a bond in an amount that this Court deems appropriate to stand as security for payment of any costs, damages or reasonable attorney's fees as may be incurred or suffered if it is found that Defendant has been wrongfully restrained or enjoined."
In any event, it is plain from a reading of the original complaint and the demand for relief in that complaint that the original action was not limited to a request for a temporary restraining order, as the majority holds. The demand for relief reads as follows:
"WHEREFORE, the Plaintiffs pray that this Court will issue a temporary order restraining Defendant Commercial from offering the property in question for sale at public outcry on April 23, 1987. The Plaintiffs further pray that this Court will set down a date to be within ten (10) days of the execution of said restraining order, for a hearing on a preliminary injunction in this cause. Plaintiffs further pray that upon a final *1239 hearing of this cause, the Court will permanently enjoin the Defendant from attempting to sell said property at public outcry."
For sake of clarity, I will refer to the first case that was filed in Conecuh County as Ferguson I.

The Dismissal of the First Action was on the Merits
The trial judge in Ferguson I, the Honorable Robert E. Lee Key, entered an order restraining Commercial Bank from foreclosing on the mortgages, conditioned upon the Fergusons' posting a surety bond of $250,000. The amount was reduced to $30,000 by stipulation of the parties, but the Fergusons still failed to post this bond. On April 23, 1987, the foreclosure sale took place.[2] That same day, Judge Key dismissed the Fergusons' complaint by entering the following on the case action summary sheet:

"Petitioner not having filed required bond in any amount, petition is hereby rendered moot and matter dismissed out of Court and costs taxed to the Petitioner." (Emphasis added).
The Fergusons contend, and the majority holds, that the first action was based on an application for a temporary restraining order that, by its very terms, did not reach the merits of the case. The Fergusons cite Browning v. Wesco Co., 218 Ala. 544, 119 So. 660 (1929), for the proposition that a temporary injunction is not itself an adjudication on the merits, but rather is used to prevent any change in the status quo until such time as there is an opportunity for an adjudication on the merits.
Commercial Bank does not contest the proposition that a hearing on a motion for a temporary restraining order cannot constitute an adjudication, but rather points out that the temporary restraining order was conditionally granted and was subsequently dismissed, and contends that the dismissal was clearly a judgment on the merits by virtue of Rule 41(b).
Rule 41(b) provides in part:
"Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."
Rule 41(b) has been interpreted to mean that a trial court has the inherent power to dismiss a cause for failure to comply with court rules or orders. See, e.g., Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Ryder Int'l Corp. v. State, 439 So.2d 162 (Ala.Civ.App.1983). For example, in Crutchfield v. Vogel, 233 Ala. 306, 171 So. 889 (1937), the Court held that the dismissal of an action to enjoin a foreclosure on the ground that the petitioner had failed to amend his petition in accordance with the trial court's order allowing 20 days within which to do so was "equivalent to a dismissal on the merits" and barred relitigation of the issues raised. See also Miller v. Local Mortgage Co., 459 So.2d 918 (Ala.Civ.App.1984) (dismissal for failure to post bond after initial grant of order restraining foreclosure was adjudication on the merits); Savage v. Savage, 246 Ala. 389, 20 So.2d 784 (1945) (dismissal for failure to amend within the time fixed by the court was an adjudication on the merits); Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759 (1939) (dismissal for failure to amend within the time fixed by the court was an adjudication on the merits).
The United States Supreme Court pointed out the following:
"All of the dismissals enumerated in Rule 41(b) which operate as adjudications on the meritsfailure of the plaintiff to prosecute, or to comply with the Rules of Civil Procedure, or to comply with an order of the Court, or to present evidence showing a right to the relief on the facts and the lawprimarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the court's reaching them. It is therefore *1240 logical that a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action. In defining the situations where dismissals `not provided for in this rule' also operate as adjudications on the merits, and are not to be deemed jurisdictional, it seems reasonable to confine them to those situations where the policy behind the enumerated grounds is equally applicable. Thus a sua sponte dismissal by the Court for failure of the plaintiff to comply with an order of the Court should be governed by the same policy. Although a sua sponte dismissal is not an enumerated ground, here too the defendant has been put to the trouble of preparing his defense because there was no initial bar to the Court's reaching the merits."
Costello v. United States, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). The majority states that "[a] dismissal based on mootness is not an adjudication on the merits," citing 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4436, at 344 (1981). Section 4436 is entitled "Lack or Refusal to Exercise Jurisdiction." Id. at 338. The majority focuses on the word "moot" in Judge Key's order, without considering why the action became "moot," that is, because the "[p]etitioner [did not file] required bond in any amount"; and the majority's reliance on cases dealing with a lack of jurisdiction or the refusal of a court to exercise jurisdiction are inapposite.
Even though the trial judge used the word "moot" in his order, he specifically stated that he was entering the dismissal because of petitioner's "not having filed required bond in any amount." Clearly, the dismissal by the trial judge was because of the Fergusons' failure to post the required bond, and it was the Fergusons' failure to post the bond that permitted the foreclosure to go forward, a foreclosure that the Fergusons now claim was "wrongful."
It would appear that the dismissal in this case on the ground of mootness was caused by the Fergusons' failure to post the required bond, and that the dismissal here comes within the provisions of Rule 41(b) "[f]or failure of the plaintiff to prosecute or to comply with ... any order of court."
The majority cites an Alaska Supreme Court case, Ostrow v. Higgins, 722 P.2d 936 (Alaska 1986), which admittedly holds that a dismissal based on the failure of a plaintiff to pursue a request for a preliminary injunction to prevent a foreclosure, which ultimately resulted in a dismissal of the plaintiff's action, was not an adjudication on the merits. Ostrow does not discuss the principle of law that a dismissal for want of prosecution is an adjudication on the merits, and insofar as it holds that an involuntary dismissal of an action because of the failure of a plaintiff to post a required bond should not be given res judicata effect, it should not be followed, because it is contrary to cases from this Court that deal with a plaintiff's failure to prosecute an action and is contrary to a holding in a Second Circuit Court of Appeals case that is based on strikingly similar operative facts.
In Browning Debenture Holders' Comm. v. DASA Corp., 605 F.2d 35 (2d Cir.1978), the plaintiffs had originally instituted a suit in federal district court in which they alleged that the bank, by its inaction, had violated its fiduciary obligations under an indenture agreement, as well as under a state statute. The action was originally dismissed in the district court because of the plaintiffs' failure to post a bond, the same reason stated by Judge Key in Ferguson I. The original plaintiffs in Browning subsequently sought to maintain a state claim based on many of the same operative facts that had been present in the first action, another fact that is strikingly similar to the facts here. The original defendants had filed their action in the district court to enjoin further prosecution of the state action on grounds of the preclusive effect of the original judgment. The district court enjoined prosecution of the state action; the Court of Appeals for the Second Circuit affirmed, holding as follows:
"[I]t is too well established, especially by our recent decisions, to require dilation *1241 here, that res judicata is binding upon parties as to issues which might have been raised but were not. [Citing cases.] [Emphasis in original.] Thus, even if the district court had not ruled explicitly on the state law fiduciary claims now sought to be raised in the state courts, litigation of such claims nevertheless would be barred by res judicata.
"We also reject the contention that the district court's dismissal of the action against the Bank was not `on the merits'. In the action as originally commenced in the district court the claims against the Bank were dismissed for failure to post a bond. Such an involuntary dismissal for failure to comply with a court order constitutes a dismissal on the merits. Fed.R.Civ.P. 41(b)....
"Appellants nevertheless urge that under Saylor v. Lindsley, 391 F.2d 965 (2d Cir.1968), such a dismissal is not a judgment `on the merits' sufficient to trigger the application of res judicata. We hold that Saylor is wholly inapposite here. In Saylor we acknowledged the general rule that a dismissal under Rule 41(b) was `on the merits' for purposes of res judicata; but on the facts of that case we refused to preclude a new plaintiff [emphasis in original] from bringing a shareholder's derivative action where a prior plaintiff [emphasis in original] had failed to post bond in the early stages of the litigation. In so holding, we emphasized that the dismissal was prior [emphasis in original] to any significant preparations by the defendants for trial. In the instant case the situation is quite different. The Brewer appellants commenced the original action. They failed to post bond. They will not be permitted now to rely upon their own non-compliance with a court order to bootstrap themselves into further harassing of appellees who already have borne a very substantial burden in defending against essentially baseless and frivolous claims."

605 F.2d at 39. (Emphasis added except where indicated.) This case bears a striking resemblance to Browning, and even though the trial judge used the word "moot" in dismissing Ferguson I, it appears that the order of the trial judge in Ferguson I was obviously more than a dismissal of the application for the temporary restraining order, and was an adjudication on the merits within the meaning of Rule 41(b).[3]

Res Judicata Should Apply
Commercial Bank initially filed an answer in which it claimed affirmatively that this action was barred by res judicata. Later, it filed a motion for summary judgment, arguing that the issues had been adjudicated when the Fergusons suffered a dismissal of the Conecuh County action, and again arguing that the instant suit was barred by the doctrine of res judicata.[4]
The doctrine of res judicata was recently clarified by this Court in Garris v. South Alabama Production Credit Ass'n, 537 So.2d 911 (Ala.1989):
"The doctrine of res judicata rests upon the principle that matters once adjudicated are settled and determined. The elements of res judicata are: (1) that the prior judgment was rendered by a court of competent jurisdiction; (2) that the prior judgment was rendered on the merits; (3) that parties to both suits are substantially identical; and (4) that the same cause of action is present in both suits. Dominex, Inc. v. Key, 456 So.2d 1047, 1054 (1984) (quoting Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala.1978)."
537 So.2d at 913-14.
If any one of these elements is not present, the doctrine of res judicata is *1242 inapplicable. Dominex at 1054; Fisher v. Space of Pensacola, Inc., 461 So.2d 790, 791 (Ala.1984).
The only question presented here is whether the second and fourth elements have been met.
In Ferguson I, the Fergusons could have posted the reduced bond and pressed for a hearing on the motion for a preliminary injunction.[5] If they were unable to post the reduced bond, they could have amended the allegation of their verified complaint that "they stand ready, if necessary, to post a bond in an amount this Court deems appropriate" and could have asked the trial judge to enjoin the foreclosure until a declaration of rights could be made in the case; provided, of course, that the Fergusons gave security in a sum the court deemed proper under Rule 65(c), possibly even in an amount less than $30,000. Unquestionably, the Fergusons could have had litigated in Ferguson I all of the fraud claims they now raise in this action. In view of these facts, I do not believe that they should be permitted now to rely upon their own noncompliance with the court's requirement that they post a bond to bootstrap themselves into a position to relitigate the very same issues that they could have litigated in Ferguson I. Browning, supra.

Summary
The dismissal in this case was "on the merits" within the meaning of Rule 41(b). There was no initial bar to the trial court's reaching the merits of the issues presented in Ferguson I; Commercial Bank was put to the necessity of preparing a defense in that action; and that action was mooted only because of the Fergusons' "not having filed required bond in any amount." This construction of Rule 41(b) would seem to comport more closely to the mandate of Rule 1(c), Ala.R.Civ.P., that "[the] rules shall be construed to secure the just, speedy and inexpensive determination of every action."
STEAGALL, J., concurs.
NOTES
[1] First Alabama Bancshares, Inc., had formed a subsidiary corporation, which was merged with Commercial Bank in 1985, thereby making the bank a wholly owned subsidiary corporation of First Alabama Bancshares, Inc. The name was changed to First Alabama Bank of Covington County and then the Bank was merged into First Alabama Bank, another wholly owned subsidiary of First Alabama Bancshares, Inc., effective August 16, 1985.
[2] Apparently, the foreclosure sale of the Conecuh County property on April 23, 1987, was defective, and the Bank began new foreclosure proceedings on the same property in June 1987.
[3] It is interesting to note that the judgment was filed at "Civil Final Record, Minute Book 18, Page 285," as shown on the face of the case action summary sheet in Ferguson I.
[4] The Defendants had previously raised the defense of "res judicata" as an affirmative defense to the action. They also filed a request that the Fergusons admit the verity of the Conecuh County proceedings. A copy of the document stating that defense and a copy of that request were filed in this action in support of the motion for summary judgment and were deemed admitted when the Fergusons did not respond to the request for admissions within the time permitted by the rules.
[5] In a brief filed in the trial court in this case in opposition to the motion for summary judgment, counsel for the Fergusons candidly admitted that he had asked for a hearing on the merits, and counsel stated in that brief, "Clearly, if the Court in the earlier proceeding had initially dismissed Plaintiffs' application for TRO, the Plaintiffs could have pressed on for a hearing on the merits for a preliminary injunction."