This case presents the question whether an application for a temporary restraining order that was dismissed as moot was a judgment on the merits so as to bar a subsequent action under the doctrine of res judicata. We hold that it was not, and we reverse and remand.
On April 22, 1987, the plaintiffs, Robert Myles Ferguson and Nettie Mae Ferguson, filed an application for a temporary restraining order in the Circuit Court of Conecuh County, in an attempt to stop a foreclosure sale of property that they had mortgaged to defendant Commercial Bank. The trial judge, the Honorable Robert E. Lee Key, entered an order restraining Commercial Bank from foreclosing on the mortgages, conditioned upon the Fergusons' posting a surety bond in the amount of $250,000. This amount was reduced to $30,000 pursuant to a stipulation of the parties the next day. However, the Fergusons were still unable to post this bond because the premium would have equalled the bond amount. That same day, Judge Key entered an order dismissing the Fergusons' application for a T.R.O. as "moot," and the foreclosure sale took place as scheduled on April 23, 1987.
Apparently the foreclosure sale was defective. Commercial Bank began new foreclosure proceedings on the same property in June 1987. On November 14, 1988, the Fergusons filed a complaint against Commercial Bank, First Alabama Bank, and First Alabama Bancshares, Inc.,[1] alleging *Page 1236 
wrongful foreclosure, fraud, and intentional interference with business relations in connection with the foreclosure on the mortgage. The defendants filed a motion for summary judgment, arguing that the issues had been adjudicated when the Fergusons applied for a T.R.O. in Conecuh County prior to the first foreclosure, and that the suit was, therefore, barred by the doctrine of res judicata. The Honorable William H. Baldwin entered a summary judgment in favor of the defendants on the ground that the dismissal of the Fergusons' T.R.O. application as moot barred this action under the doctrine ofres judicata. The Fergusons appeal from the summary judgment.
This Court has written:
 "Alabama law requires four elements for the application of res judicata. First, there must be a substantial identity between the parties in the prior and subsequent suits; second, there must be the same cause of action in both suits; third, the previous case must have been decided by a court of competent jurisdiction; and fourth, the previous adjudication must have reached the merits of the case. Missildine v. Avondale Mills, Inc., 415 So.2d 1040, 1041
(Ala. 1981)."
Higgins v. Henderson, 551 So.2d 1050, 1052 (Ala. 1989).See Broughton v. Merchants Nat'l Bank of Mobile,476 So.2d 97, 101 (Ala. 1985). If one of these elements is not present, the doctrine of res judicata is inapplicable.
A temporary restraining order is, as its name suggests — temporary. It is an emergency measure that will be granted only upon a showing that it is necessary to prevent immediate and irreparable injury, loss, or damage. A.R.Civ.P. 65(b). It can even be issued without notice to the adverse party, and, if so issued, expires in 10 days.
It is not contemplated by the Rules that a T.R.O. request will result in a hearing on the merits of the case. An emergency measure, an application for a T.R.O. is not an "action" in the ordinary sense. A proceeding on an application for a T.R.O., by its very nature, does not reach the merits of a case. A T.R.O. is granted to maintain the status quo
until there is an opportunity for an adjudication on the merits. See Browning v. Wesco Co., 218 Ala. 544,119 So. 660, 661 (1929).
The defendants focus on the word "dismissed" in Judge Key's order, arguing that the order was an involuntary dismissal under Rule 41(b), A.R.Civ.P. They point to the last sentence of that rule, which reads as follows:
 "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."
A reading of the entire order, however, shows us that the key word in the order is "moot," not "dismissed." The trial judge's order states, "Petitioner not having filed required bond in any amount, petition is hereby rendered moot and matter dismissed out of Court and costs taxed to the Petitioner."
Mootness is a question of justiciability. If a case has become moot, or if a judgment would not accomplish an end recognized as sufficient in law, then there is no necessity for a judgment and the court will decline to consider the merits and will dismiss the case. See Chisolm v. Crook,272 Ala. 192, 130 So.2d 191 (1961), citing Ex parte McFry,219 Ala. 492, 122 So. 641 (1929).
A dismissal based on mootness is not an adjudication on the merits. See 18 C. Wright, A. Miller, E. Cooper, FederalPractice and Procedure § 4436, at 344 (1981). "[T]he holding of mootness is not a judgment on the merits and, as a nonmerits *Page 1237 
judgment, it does not bar further action on any matters not actually adjudged. Moore's Federal Practice Para. 0.405[5]."De Volld v. Bailar, 568 F.2d 1162, 1166 (5th Cir. 1978). "It is well settled that the dismissal of a case because it is moot does not lay a basis for the application of the doctrine of res judicata." N. Sims Organ Co.v. SEC, 293 F.2d 78, 81-82 (2d Cir. 1961), cert.denied, 368 U.S. 968, 82 S.Ct. 440, 7 L.Ed.2d 396 (1962).
The Alaska Supreme Court has held that the dismissal as moot of an action to enjoin a foreclosure was not a judgment on the merits that precluded an action for damages arising out of the same events. Ostrow v. Higgins, 722 P.2d 936 (Alaska 1986). In Ostrow, the plaintiff/appellant was granted a T.R.O. barring foreclosure proceedings on her property, pending a hearing on her motion for a preliminary injunction. She did not pursue her motion for a preliminary injunction for more than nine months. The foreclosure sale took place, and she renewed her motion. However, she withdrew her motion after the defendants opposed it as moot, and the trial court dismissed the action with prejudice. The plaintiff then filed suit, claiming that the property had been wrongfully sold and that the sale had been improperly conducted. The trial court entered a summary judgment for the defendants on the grounds that Ostrow was precluded from raising issues that she had raised or could have raised in her first lawsuit. The Alaska Supreme Court reversed, stating as follows:
 "[W]e agree with Ostrow that the dismissal was based on mootness and did not adjudicate the merits.
 "Mootness is a jurisdictional issue which does not preclude a second action on the same claim if the justiciability problem can be overcome. McCarney v. Ford Motor Co., 657 F.2d 230, 233 (8th Cir. 1981), citing 18 C. Wright, A Miller E. Cooper, Federal Practice and Procedure § 4436, at 344 (1981). Under Alaska Civil Rule 41(b) a dismissal for lack of jurisdiction is not an adjudication on the merits. Blake v. Gilbert, 702 P.2d 631, 635
(Alaska 1985).
 "Ostrow's first lawsuit for injunctive and declaratory relief became moot simply because the foreclosure sale had already occurred. Thus, the trial court erroneously held that Ostrow could not now litigate whether she had breached her obligations and whether the T.R.O. remained effective. . . ."
722 P.2d 936 at 938-39.
We find the reasoning of the Alaska Supreme Court persuasive in this case. The Fergusons' application became moot simply because they could not raise the funds to post a bond. We hold that the dismissal of their application for a T.R.O., which occurred because they failed to post a bond, was not a judgment on the merits so as to bar a subsequent action under the doctrine of res judicata.
The defendants also argue that the plaintiffs' claims, to the extent that they are based on fraud, are barred by the statute of limitations. The statute of limitations for fraud is two years. Alabama Code 1975, § 6-2-38. Because the record reflects that there is a genuine issue of material fact as to when the alleged fraud was, or should have been, discovered, see § 6-2-3, the fraud claims could not properly be disposed of on a motion for summary judgment. Rule 56, A.R.Civ.P.
This judgment is due to be reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS, KENNEDY and INGRAM, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.
[1] First Alabama Bancshares, Inc., had formed a subsidiary corporation, which was merged with Commercial Bank in 1985, thereby making the bank a wholly owned subsidiary corporation of First Alabama Bancshares, Inc. The name was changed to First Alabama Bank of Covington County and then the Bank was merged into First Alabama Bank, another wholly owned subsidiary of First Alabama Bancshares, Inc., effective August 16, 1985.